IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIVIA M. SCOTTO,** : | |
|    **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-3117** |
| : | |
| **WELLS FARGO & CO.,** *et al.*, : | |
|    **Defendants.** : | |

# MEMORANDUM

**BEETLESTONE, J.**                                                                                           **JULY 28, 2025**

Livia M. Scotto filed this *pro se* ten-page Complaint asserting fraud claims against thirty-eight banks, insurance companies, municipalities in Florida, United States agencies, schools, foreign governments, and individuals. Scotto also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Scotto leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Scotto's allegations are incomprehensible. She cites numerous statutes (Compl. at 1), lists case numbers of cases that do not involve her that she asks to have reopened (*id*. at 2, 4), incorporates correspondence with the United States Department of Education about illegal loan collection (*id*.), and mentions the Restatement of Torts and "self dealing using stem cell cloning without [her] consent wherein dogs expired and were killed by other actors to recover the dba [sic] to replicate without anesthesia. (*Id*. at 4.) Scotto also filed forty-eight pages of exhibits,

---

[1] The factual allegations set forth in this Memorandum are taken from Scotto's Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

including letters to Wells Fargo Bank's legal department concerning chargeback requests for a car loan, magazine articles about bank fraud, state court papers from Florida, correspondence from the Clerk of Court about copy fees, and a prior order in this case directing her to pay the filing fee or seek *in forma pauperis* status. (ECF Nos. 4, 4-1.)

Scotto is a frequent *pro se* litigant in this Court, having filed nine prior cases since 2021. Eight of those cases were dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B) or because Scotto failed to comply with an initial defect order to pay the filing fee or seek *in forma pauperis* status. The ninth case, Civ. A. No. 22-1176, for which she paid the filing fee, was dismissed for failure to prosecute.

## II.    STANDARD OF REVIEW

The Court grants Scotto leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Scotto is proceeding *pro se*, the

Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and

3

citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.    DISCUSSION

Scotto's Complaint fails to allege a plausible claim within the jurisdiction of this Court. She cites statutes, alleges fraud, and mentions "self dealing using stem cell cloning without [her] consent."  It is completely unclear what, if anything, any of the Defendants she has named did that caused her harm.  No defendant could reasonably be expected to respond to her allegations because they are confused, ambiguous, vague, or otherwise unintelligible.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *Wright v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir. July 14, 2023) (*per curiam*) (affirming the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them).  A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other."  *Campbell v. LVNV Funding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).  Accordingly, the Complaint will be

5

dismissed in accordance with Rule 8.  Scotto will be granted leave to file an amended complaint to clearly set out the factual bases of any claim she seeks to present, including this Court's jurisdiction to hear those claims.  An order of dismissal will be entered.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____
**WENDY BEETLESTONE, J.**