IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVIA M. SCOTTO,<br>     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3117 |
| | : | |
| WELLS FARGO & CO., *et al.*,<br>     Defendants. | : | |

**MEMORANDUM**

**BEETLESTONE, C.J.**                                                                                    **SEPTEMBER 8 , 2025**

In a prior Memorandum and Order filed July 28, 2025 (ECF Nos. 6, 7), the Court dismissed the Complaint filed by Livia M. Scotto because it failed to comply with Federal Rule of Civil Procedure 8. Scotto's claims asserting fraud against thirty-eight banks, insurance companies, municipalities in Florida, United States agencies, schools, foreign governments, and individuals could not proceed because her allegations were incomprehensible. (ECF No. 6 at 1.) She was granted leave to proceed *in forma pauperis* and leave to file an amended complaint to clearly set out the factual bases of any claim she sought to present. Scotto has filed an Amended Complaint (ECF No. 9), along with Exhibits (ECF No. 10). For the following reasons, the Amended Complaint will be dismissed for failure to state plausible claims.

I.     **FACTUAL ALLEGATIONS**[1]

Scotto's allegations are again incomprehensible. It appears that she crafted the caption page of her pleading by clipping words out of magazines and newspapers and pasting them on her form, "hostage demand letter-style." (Am. Compl. at 2.) As best as the Court can tell, she

---

[1] The factual allegations set forth in this Memorandum are taken from Scotto's Amended Complaint. (ECF No. 9.) The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system.

now names Wells Fargo Active Cash Visa Signature Card, Maimonides Medical Center, Wells Fargo Cash Back Visa Signature Card, Barclays, Ally, Visa, "State Farm Insirance [sic] Companies, and Mars Corporation as Defendants in the caption of the Amended Complaint (*id*.), while listing Mars VCA Inc., Blue Pearl, Grant F. Reid, State Farm Ins., Ryan McIlheiney, Visa, My Best Buy Visa Card, Mars Corp., Best Buy Credit Service, Barclays Bank, Wells Fargo NA, James M. Stroth, John F. Lundren, Oliver Jenkyn, Amtrust, Michael Karfun [illegible], National Gen [illegible], Kenneth Giddo, and Maimonides Med. Center in the list of Defendants. (*Id*. at 3.) Scotto invokes both federal question and diversity jurisdiction for her claims of "breach of fiduciary duty EU, US Bank regulations." (*Id*.) She references "various illegal electronic funds transfers, cash advances on cards and accounts . . . without [her] knowledge" using "cloned cards." (*Id*. at 4.) She claims an unspecified bank fraudulently authorized charges to credit card accounts, and unspecified bank employees committed identity theft, data breach, denial of wire transfers, loan diversion. (*Id.*) She allegedly was denied an investigation into fraud in the unauthorized use of several accounts, was denied credit, had chargebacks on sixteen different Visa signature cards, an "EU Grant Loan" was diverted, and money was embezzled from an account by bank employees. (*Id*.) She seeks the recovery of lost funds.[2] (*Id*. at 5.)

---

[2] Attached to the Amended Complaint are cut-and-pasted excerpts from a legal treatise on tort law of reparation (Am. Compl. at 6) and a motion apparently filed in other cases Scotto filed in this District to reopen cases (*id*. at 7). Scotto separately filed a 16-page Exhibit (ECF No. 10) containing poor quality and unreadable copies of letters and documents (*id*. at 2, 4, 12), a Notice of Contract Rescission sent to Ally Bank Auto Finance (*id*. at 3), an email concerning her JetBlue Plus Card (*id.* at 5), an attorney's letter written on her behalf about a defective Toyota Scion (*id.* at 6-7), a motion for service by the US Marshal printed on a piece of paper containing another document (*id.* at 8), a page containing statute citations and legalisms (*id.* at 9), a letter about a Wells Fargo Active Cash Visa Signature Card account and a notice of rescission of an auto loan for a Toyota Rav 4 Scion (*id.* at 10, 13, 15), a Best Buy Visa Credit card statement (*id.* at 11), and a wire transfer form from Provident Bank (*id.* at 14). She provides no narrative description in her Amended Complaint to explain the relevance of these papers and it is not the Court's place to interpret them. *See Live Face on Web, LLC v. Rockford Map Gallery, LLC*, No.

**II.     STANDARD OF REVIEW**

Because the Court granted Scotto leave to proceed *in forma pauperis*, the Amended Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Scotto is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, an amended complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).

---

17-539, 2020 WL 13718835, at * 1 n. 1 (D. Del. Dec. 11, 2020) ("'Judges are not like pigs, hunting for truffles buried in briefs,' or in this case, exhibits.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  In other words, "[the amended] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.   DISCUSSION**

Scotto's Amended Complaint again fails to allege a plausible claim within the jurisdiction of this Court.  She lists individuals, companies, and the brands of credit cards; mentions in conclusory fashion a "breach of fiduciary duty EU, US Bank regulations," and mentions various illegal or unauthorized transactions, none of which are tied to a named Defendant, supported by non-conclusory allegations, or otherwise supported by factual allegations to establish plausible claims.  No defendant could reasonably be expected to respond to Scotto's confused, ambiguous, vague, or otherwise unintelligible allegations.

Accordingly, the Amended Complaint will be dismissed in accordance with Rule 8.  Having already provided Scotto with the opportunity to file an amended complaint to clearly set out the factual bases of any claim she wanted to present, the dismissal will be with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper."); *Posey v. Klinefelter*, No. 25-1428, 2025 WL 1937084, at *2 (3d Cir. July 15, 2025) (affirming dismissal where the "District Court's orders and the Magistrate Judge's reports and recommendations all informed Posey as to the ways in which the complaints were deficient and provided multiple opportunities to amend, and yet Posey repeatedly failed to do so").  An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____
**WENDY BEETLESTONE, C.J.**